IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| INDIANA AFFORDABLE STORAGE, INC., | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 5:24-cv-00050 |
| THE OHIO CASUALTY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff INDIANA AFFORDABLE STORAGE INC., files this its First Amended Complaint against Defendant THE OHIO CASUALTY INSURANCE COMPANY, and, in support of its causes of action, would respectfully show the Court the following:

**I.   PARTIES**

1.   Plaintiff INDIANA AFFORDABLE STORAGE INC. ("Plaintiff" or "Indiana"), owns the property made the basis of this suit located at: 14805 CR 2100, Lubbock, Texas 79423 in Lubbock County, Texas including all buildings on the premises (the "Property").

2.   Based on information and belief, Defendant, THE OHIO CASUALTY INSURANCE COMPANY ("Defendant"), is a foreign entity authorized to engage in the insurance business in the State of Texas and was duly served and has made an appearance herein. Defendant removed this case to this Court.

## II.     JURISDICTION AND VENUE

3.      This Honorable Court has personal jurisdiction over Defendant because at all times relevant hereto it provided insurance coverage in the State of Texas and Plaintiff's causes of action arise out of its in-state business activities.

4.      Plaintiff is a corporation organized under the laws of Texas and whose principal place of business is in Texas.  Plaintiff is therefore a citizen of Texas for diversity jurisdiction purposes. Defendant has alleged that it is a citizen of New Hampshire and Massachusetts for diversity jurisdiction purposes. Plaintiff has no knowledge of the accuracy of this statement. Defendant has been duly served and appeared and answered in this Court.

5.      Venue is proper in the Northern District of Texas, because the property at issue is located in this district, the loss occurred in this district, the Claim asserted herein arose from one or more acts and/or omissions that occurred in this district, and Defendant has appeared and filed an Answer. More specifically, the property is located in the Lubbock Division of the Northern District of Texas.

## III.     FACTUAL BACKGROUND

6.      Plaintiff, Indiana Affordable Storage Inc. ("Indiana") entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Indiana's Property throughout the construction process.

7.      The agreement was a Builder's Risk policy drafted by Defendant and assigned Policy Number BMO (19) 59 10 77 86 (the "Policy"). The Policy's effective date was from August 27, 2018, to August 27, 2019 (referred to as the "Policy Period").

8.      Coverage under the Policy covers direct physical loss caused by a covered peril to buildings and structures while in the course of construction, erection, or fabrication.

9.    Damage caused by wind and hail is a covered peril under the Policy.

10.   During the Policy Period a severe hail and windstorm hit the Property causing direct physical loss to the covered Property.

11.   Specifically, large hail fell and hit the Property.

12.   Upon learning of the damage and the cause of the damage to the Property Indiana subsequently filed a claim under the Policy.

13.   Defendant assigned the claim, claim number 23921096 (referred to as the "Claim").

A.    **Defendant's Improper Claim Handling**

14.   Five days after Indiana reported the covered loss, on or about May 25, 2021, Indiana received a letter from Defendant's adjuster, Andrew Johns ("Johns").

15.   In the letter, Defendant claimed Indiana's insurance Claim was not covered.

16.   Defendant stated Indiana could no longer make a claim for covered damage under the Policy because the Builders Risk Policy had expired.

17.   Defendant further wrongfully asserted the Property had been sold and that as a result Indiana could no longer recover under the Policy despite the damage having occurred prior to the Policy Period ending.

18.   Defendant therefore claimed Indiana had no insurable interest and that Indiana could not recover any damages under the Policy for its Claim.

19.   However, at that time and to date the Property had not been sold and Indiana remained the Property owner.

20.   Despite this, Defendant never sought clarification or even checked local records that was accessible to Defendant, but instead immediately arbitrarily and capriciously denied Indiana's Claim.

21. Defendant's May 25, 2021 letter also made several other baseless allegations in an attempt to dissuade Indiana from pursuing its Claim.

22. Moreover, Defendant's May 25, 2021 denial letter made several improper allegations to support its wrongful denial of Indiana's Claim without first conducting a reasonable investigation.

23. In addition to its unsupported allegation that the property had been sold and Indiana's insurable interest had ceased, Defendant also claimed that it was prejudiced due to Indiana's alleged failure to promptly reporting of the Claim and therefore could not determine coverage.

24. But Defendant claimed it was prejudiced without even first attempting to investigate the Claim and instead relied on this unsupported allegation of prejudice to wrongfully deter Indiana from pursuing the Claim.

25. At this point Indiana sought the assistance of Johns' supervisor to clarify Defendant's position and try to provide additional information to aid Defendant in properly evaluating the Claim.

26. Despite Indiana's attempt to clarify Defendant's allegations in denying the Claim Indiana was met with the same uninformative replies from Teresa Herman ("Herman"), Defendant's Catastrophe Analyst.

27. Instead of providing a reasonable explanation for the denial of Indiana's Claim Defendant advised Indiana to "file a claim with the new carrier."

28. At this point, Defendant still had not inspected the Property and offered only baseless reasons for Defendant's denial of the Claim.

29. Indiana responded to Defendant's lackadaisical handling of Indiana's Claim pointing out Defendant's incorrect assertion that the Property had been sold when it had in fact never been sold

and that Defendant cannot be prejudiced in determining coverage when it never even attempted to first inspect the Property to try and determine if damage existed.

30.     Only after several of Indiana's staunch denials of Defendant's inaccurate accusations did Defendant agree to visit the Property and inspect for damage.

**B.     Defendant's Improper Claim Handling**

31.     On or about October 5, 2021, nearly five months after Indiana reported the Claim, Defendant hired Roof Technical Services, Inc., ("RTS") who then assigned Jason Haisler, P.E. ("Haisler"), to visit the Property.

32.     Defendant's agents produced a report with facts that tend to support Plaintiff's Claim and that shows the majority of damage, if not all of the damage, was from the 2019 hailstorm.

33.     For example, Defendant's own agents admit to finding a lack of hail spatter marks, and that such spatter tends to last up to two years.

34.     Therefore, the presence of hail damage to the Property, and the lack of accompanying hail spatter tends to prove the hail damage was more than two years old and was caused by the 2019 hailstorm.

35.     Defendant ignored this evidence supporting Indiana's Claim and instead relied on its agents' arbitrary conclusion that RTS could not distinguish between he hail damage.

36.     Over two months following the visit, Defendant sent a letter dated December 31, 2021 admitting to finding hail damage during the inspection.

37.     Despite admitting to finding covered hail damage and refusing to investigate the Claim for months, Defendant still claimed it was prejudiced in investigating the Claim and that it would continue to deny coverage on the Claim.

38. Defendant has continuously denied Indiana a proper and reasonable investigation of its Claim and asserted baseless allegations time and again in an attempt to avoid coverage.

39. To date, Defendant has not paid Indiana the value of its Claim under the Policy.

40. As a result, Indiana has incurred additional damages such as the increased costs of repair that were, and still are to this day, a natural, probable, and foreseeable consequence of Defendant's failure to pay the amount owed on the Claim.

41. For example, the costs of repair have increased substantially since Defendant's denial of the Claim.

42. Defendant and its adjusters and consultants assigned to the Claim failed to perform a proper inspection and as a result prepared a report that failed to include all of the covered damage sustained at the Property.

43. Moreover, Defendant and its adjusters performed an outcome-oriented investigation of Indiana's Claim, which resulted in a biased, unfair, and inequitable evaluation of Indiana's losses for the covered property.

44. As a result Defendant wrongfully denied Indiana's Claim by incorrectly asserting coverage ceases after the Policy Period ends, by claiming the Property had been sold thus extinguishing Plaintiff's insurable interest when no such sale had occurred, and by failing to fully investigate the damage to determine what damage was caused by the 2019 hail storm and instead accepting the conclusions of its agents' incomplete and contradictory reports.

45. To date, Defendant has not paid Indiana the full value of its Claim under the Policy with Defendant pursuant to the Policy.

46. As a result, Indiana has incurred additional damages and the increased costs of repair that were, and still are to this day, a natural, probable, and foreseeable consequence of Defendant's

failure to pay the amount owed on the Claim. For example, the costs of repair have increased substantially since Defendant's denial of the Claim.

47. Defendant and its agents assigned to the Claim failed to perform a proper inspection and as a result prepared a report that failed to include all of the covered damage sustained at the Property.

48. Based on all facts listed above, Defendant and its agents performed an outcome-oriented investigation of Indiana's Claim, which resulted in a biased, unfair, and inequitable evaluation of Indiana's Claim for the covered Property.

**C.   Policy Compliance**

49. Indiana fully complied with all requirements under the Policy to properly notify the Defendant of the loss to its covered Property.

### IV.   CAUSES OF ACTION

**A.   Breach of Contract**

50. Plaintiff reasserts and reallege the allegations set forth in paragraphs 6 through 49 of this Complaint.

51. Defendant entered into the Policy with Indiana.

52. Indiana's Property sustained damage as a result of direct physical loss during the Policy Period caused by a hail, wind, and rainstorm, all covered causes of loss.

53. Defendant has breached the terms of the Policy by wrongfully denying the Claim instead of paying the full benefits owed to Indiana under the Policy for a covered loss to the Property.

54. As a result of Defendant's breach of the Policy, Indiana sustained: (1) actual damages, (2) consequential damages (related to increased costs of construction and other related consequential damages), and (3) incurred reasonable and necessary attorney's fees to date.

B.  **Insurance Code Violations**

55. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 54 of this Complaint.

*Prompt Payment of Claims Statute*

56. As set forth above, Plaintiff was insured under the Policy during the Policy Period.

57. During the Policy Period, hail and windstorms swept through Lubbock County, Texas and damaged Indiana's Property.

58. As a result, Indiana gave proper notice of a claim under the Policy to Defendant.

59. Defendant is under an obligation to promptly pay Indiana's Claim.

60. Defendant has delayed payment of Indiana's Claim for a time exceeding the period specified by statute by underpaying covered damages and wrongfully denying damages clearly covered under the Policy.

61. Defendant was given notice of the Claim on May 20, 2021.

62. Five days later Defendant wrongfully denied Indiana's Claim under the Policy by applying inapplicable Policy provisions, making baseless assertions of prejudice without even attempting to investigate the Claim, and by misrepresenting material facts regarding Indiana's insurable interest in the Property.

63. Defendant has maintained its position since its original denial.

64. As a result, Defendant has failed to promptly pay for all of the covered damages arising out of Indiana's insurance Claim with Defendant.

65. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.058 of the Texas Insurance Code.

66. As a result of the insurance code violations listed above, Indiana in addition to Indiana's claim for damages, is entitled to statutory interest and attorney's fees as set forth in Article 542.060 of the Texas Insurance Code.

   *541 Insurance Code Violations*

67. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

68. Defendant violated § 541.051 of the Texas Insurance Code by misrepresenting Indiana's insurable interest in the Property had ceased and that it could not recover owed benefits under the Policy; that Indiana must bring any suit of action against Defendant within two years from when Indiana first had knowledge of the loss; and that Indiana did not give prompt notice of its Claim and that Defendant was prejudiced without even attempting to investigate the Claim before denying the Claim.

69. Defendant violated § 541.060 in the following ways:

   (a) *541.060(a)(1)-misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue.*

70. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 69 of this Complaint.

71. Defendant violated § 541.060(a)(1) by misrepresenting to Indiana a material fact or policy provision relating to coverage at issue by denying coverage to the Property despite the Policy being in effect when the covered loss occurred in addition to multiple other misrepresentations.

72. Specifically, Defendant has misrepresented the following:

   a. That Indiana's insurable interest ceased to exist and that Indiana had no right to recover owed benefits under the Policy despite the fact Indiana never sold the Property;

   b. That Indiana was not entitled to coverage under the Policy because Indiana sold the Property when Indiana had not sold the Property;

  c. That Indiana was required to bring any suit of action on the Claim within two years from when Indiana first had knowledge and only after complying with all terms in the Policy;

  d. That Indiana did not give prompt notice of its Claim when Indiana provided notice as soon as Indiana discovered the damage and the cause of the damage; and

  e. That Defendant was prejudiced in its investigation without first attempting to perform an inspection of the Property.

73. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused Indiana damages.

  (b) *§541.060(a)(2)-failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear*.

74. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 78 of this Complaint.

75. Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim as insurer's liability had become reasonably clear that the covered damage caused substantial damage to Indiana's Property.

76. Defendant has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement by:

  a. Misrepresenting material facts as set forth in paragraph 72;

  b. Using inaccurate information to deny Indiana's Claim without first requesting documents to verify whether the Property was or was not sold;

  c. Issuing a denial letter only five days after Indiana reported the Claim without first inspecting the Property and without providing a reasonable explanation for Defendant's basis for denial;

  d. Claiming Indiana did not promptly report its Claim and that Defendant was prejudiced in being able to determine coverage of Indiana's Claim without first attempting to inspect the Property;

  e. Taking nearly five months after Indiana reported the Claim to visit and inspect the Property for covered damage;

    f.   Only investigating the Property after Indiana retained legal counsel to aid it in handling the Claim;

    g.   Failing to properly investigate the roof damage and record information to help determine the date of loss; and

    h.   Hiring a consultant and engineer in an effort to solely deny Indiana's Claim, despite clear evidence of covered damage to the contrary;

    i.   Failing to reconcile the contradictory information and findings in RTS's report;

    j.   Ignoring and/or attempting to discredit findings that show covered damage in the Claim;

    k.   Using an array of biased individuals to opine as to the cause and extent of damage to the Property including: RTS; and

    l.   Failing to write an estimate that includes all storm related damage found to be sustained by the roofing system within the Policy Period.

77. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused Indiana's damages.

    (c)   ***541.060(a)(3)-failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim***.

78. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 77 of this Complaint.

79. Defendant has failed to promptly provide Indiana a reasonable explanation of the basis for Defendant's denial of the Claim. Defendant's denial letter, dated Mary 25, 2021, was based solely on its adjuster's outcome-oriented investigation.

80. Defendant failed to explain how it reached the conclusion that the Property had been sold without any documents to support its assertion, or how Defendant could be prejudiced in investigating the Claim without ever attempting to investigate the Claim to start.

81. Moreover, Defendant's December 31, 2021, letter acknowledged that hail damage (a covered loss) was present at the Property but simply claimed it was unable to date the hail loss

despite its own agents' report containing facts that tend to support the hail damage at the Property was from 2019 and not a more recent hailstorm.

82. Moreover, Defendant provided no explanation as to why it could not use additional data and information to determine what hail hit the Property during the Policy Period causing damage.

83. Defendant merely based its decision on its outcome-oriented unreasonable investigation of the Claim.

84. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused Indiana's damages.

> (d) ***541.060(a)(7)-refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim***.

85. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 84 of this Complaint.

86. Defendant violated § 541.060(a)(7) by refusing to pay Indiana's Claim without conducting a reasonable investigation with respect to the Claim.

87. Defendant has refused to pay Indiana's Claim without conducting a reasonable investigation by:

   a. Misrepresenting material facts as set forth in paragraph 72;

   b. Using inaccurate information to deny Indiana's Claim without first requesting documents to verify whether the Property was or was not sold;

   c. Issuing a denial letter only five days after Indiana reported the Claim without first inspecting the Property and without providing a reasonable explanation for Defendant's basis for denial;

   d. Claiming Indiana did not promptly report its Claim and that Defendant was prejudiced in being able to determine coverage of Indiana's Claim without first attempting to inspect the Property;

   e. Taking nearly five months after Indiana reported the Claim to visit and inspect the Property for covered damage;

    f. Only investigating the Property after Indiana retained legal counsel to aid it in handling the Claim;

    g. Failing to properly investigate the roof damage and record information to help determine the date of loss; and

    h. Hiring a consultant and engineer in an effort to solely deny Indiana's Claim, despite clear evidence of covered damage to the contrary;

    i. Failing to reconcile the contradictory information and findings in RTS's report;

    j. Ignoring and/or attempting to discredit findings that show covered damage in the Claim;

    k. Using an array of biased individuals to opine as to the cause and extent of damage to the Property including: RTS; and

    l. Failing to write an estimate that includes all storm related damage found to be sustained by the roofing system within the Policy Period.

88. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Indiana's damages.

89. Based on paragraph 72, Defendant has violated § 541.061 by making an untrue statement of material fact such as that Indiana has no insurable interest in the Property, that Defendant was prejudiced by the alleged delayed notice despite finding forensic evidence tending to support Indiana's Claim, and that there was no coverage for damage to the Property during the Policy Period because the Policy had ceased after the fact..

**C.  DTPA Violations**

90. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 89 of this Complaint.

91. At all material times hereto, Indiana was a consumer who purchased insurance products and services from Defendant.

92. Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

93. Defendant has violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing; and engaging in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)–(3) in that Defendant took advantage of Indiana's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

94. Specifically, Defendant left out material facts in its December 31, 2021 denial letter that tended to prove Indiana's Claim by failing to disclose the fact that evidence of recent storm damage at the Property was not found during its agents' October 2021 inspection, solely to limit its liability on the Claim and to dissuade Indiana from pursuing the Claim.

95. Further, it inappropriately alleged Indiana's Policy did not provide coverage for the damage because the Policy's coverage had ceased the last day the Policy was in effect despite the damage occurring during the Policy Period, in order to minimize its liability on Indiana's Claim.

96. Defendant therefore sought to take advantage of Indiana's lack of knowledge regarding the cause of roof failures and damage to metal roof and wall panels in an attempt to minimize its liability on the Claim despite being covered under the Policy.

97. Upon information and belief, Defendant knowingly committed the acts complained of. As such, Indiana is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.    Breach of The Duty of Good Faith and Fair Dealing**

98. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 97 of this Complaint.

99. Indiana and Defendant entered into a valid and enforceable insurance policy.

100. Defendant owed Indiana the common law duty of good faith and fair dealing.

101. Defendant breached the common law duty of good faith and fair dealing by wrongfully denying portions of the Claim, underpaying covered damages, and delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear.

102. Specifically, Defendant has breached the common law duty of good faith and fair dealing owed to Plaintiff by:

   a. Misrepresenting material facts as set forth in paragraph 72;

   b. Using inaccurate information to deny Indiana's Claim without first requesting documents to verify whether the Property was or was not sold;

   c. Issuing a denial letter only five days after Indiana reported the Claim without first inspecting the Property and without providing a reasonable explanation for Defendant's basis for denial;

   d. Claiming Indiana did not promptly report its Claim and that Defendant was prejudiced in being able to determine coverage of Indiana's Claim without first attempting to inspect the Property;

   e. Taking nearly five months after Indiana reported the Claim to visit and inspect the Property for covered damage;

   f. Only investigating the Property after Indiana retained legal counsel to aid it in handling the Claim;

   g. Failing to properly investigate the roof damage and record information to help determine the date of loss; and

   h. Hiring a consultant and engineer in an effort to solely deny Indiana's Claim, despite clear evidence of covered damage to the contrary;

   i. Failing to reconcile the contradictory information and findings in RTS's report;

   j. Ignoring and/or attempting to discredit findings that show covered damage in the Claim;

   k. Using an array of biased individuals to opine as to the cause and extent of damage to the Property including: RTS; and

   l. Failing to write an estimate that includes all storm related damage found to be sustained by the roofing system within the Policy Period.

103. Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally or with gross negligence.

104. Defendant was aware at all times that its actions would result in the denial or underpayment of Indiana's Claim, and cause extraordinary harm associated with Indiana's Claim.

105. As a result of Defendant's acts and omissions, Indiana sustained actual damages.

## V.   ATTORNEY'S FEES

106. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 105 of this Complaint.

107. Indiana engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

108. Indiana is entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Indiana is represented by an attorney, presented the Claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the Claim was presented.

109. Indiana further prays that it be awarded all reasonable attorney's fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

110. Indiana further prays it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Indiana's DTPA causes of action above pursuant to § 17.50(d).

## VI.   CONDITIONS PRECEDENT

111. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## VII.   DEMAND FOR JURY

112. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff herein requests a trial by jury.

## VIII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recovers actual damages, consequential damages, statutory interest, and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/Andrew D. Spadoni*
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com

**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Plaintiff's First Amended Complaint was served on the below-named attorneys on June 14, 2024.

***via e-filing***
Mark D. Tillman
State Bar No. 00794742
mark.tillman@tb-llp.com
Michael C. Diksa
State Bar No. 24012531
mike.diksa@tb-llp.com

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd. Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721

**ATTORNEYS FOR DEFENDANT**

                                        */s/Andrew D. Spadoni*
                                        Andrew D. Spadoni