UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| INDIANA AFFORDABLE SOTRAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE OHIO CASUALTY INSURANCE CO., <br><br> Defendant. | No. 5:24-CV-050 |

### ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge Amanda 'Amy' R. Burch (Dkt. No. 39). Judge Burch recommends granting in full The Ohio Casualty Insurance Co.'s (Ohio Casualty) motion for summary judgment (Dkt. No. 20) on Indiana Affordable Storage, Inc.'s (Indiana Storage) claims and dismissing the action with prejudice. Judge Burch also recommends denying as moot Indiana Storage's motion for partial summary judgment (Dkt. No. 23). The plaintiff timely objected to the FCR (Dkt. No. 41).

As a threshold issue, the Court finds that the defendant has produced sufficient evidence to establish the parties are completely diverse and, thus, that it has subject-matter jurisdiction. Turning to the merits, the Court overrules the plaintiff's objections and adopts the FCR in full. Thus, the Court grants Ohio Casualty's motion for summary judgment on Indiana Storage's claims, denies Ohio Casualty's motion for partial summary judgment as moot, and dismisses the action with prejudice.

1.  **Factual and Procedural Background**

    A.    **Factual Background**

Ohio Casualty issued Indiana Storage a builder's risk insurance policy in connection with the construction of ten self-storage buildings located at 14805 County Road 2100, Lubbock, Texas 79423 (the Property). *See* Dkt. No. 22 at 4, 8–11, 252–53, 255–56. The policy covered physical losses caused by covered peril that occurred from August 27, 2018, to August 27, 2019. *Id.* at 8–12. Critical here, the policy included the following provision under the heading "**WHAT MUST BE DONE IN CASE OF LOSS**": **Notice** - - [Indiana Storage] must promptly notify [Ohio Casualty] in the event of a loss. The notice must be in writing." *Id.* at 35, 50 (emphasis in original); *see also id.* at 38.

Construction began on the self-storage buildings in August 2018, and the last building was completed in October 2019. *Id.* at 258, 265–66, 599. Once construction was complete, the buildings were insured under a different policy issued by different company, Starr Surplus Lines (Starr), that became effective on November 1, 2019. *See id.* at 269–71, 341.

Following construction of eight of the ten buildings, several hail and windstorms occurred between May 5 and May 24 of 2019. *See* Dkt. Nos. 22 at 96, 262; 31-2 at 9–11. Approximately a year later, on May 20, 2020, another hail and windstorm impacted the Property. *See* Dkt. Nos. 22 at 321; 32-1 at 11, 31–38.

Indiana Storage filed claims for damage under both policies. First, within a month of the May 2020 storm, Indiana Storage submitted a claim under the Starr policy for damage allegedly resulting from that storm. *See* Dkt. No. 22 at 514–515. Starr ultimately denied this claim. *Id.* at 330.

Following the denial of this claim, on May 20, 2021, Indiana Storage filed a claim under the Ohio Casualty policy to recover losses allegedly caused by the May 2019 storms. Dkt. Nos. 22 at 278, 305–08; 31-2 at 2–12, 18–41. Indiana Storage contends that it was unaware of the damage caused by the May 2019 storms until informed of such damage in May 2021. *Id.* at 284. Four days later, on May 25, 2021, Ohio Casualty denied the claim because "[t]he policy does not provide coverage for the loss because [Indiana Storage] did not give prompt notice, [its] insurable interest ceased the date of policy cancellation and/or the purchaser had accepted the building." Dkt. No. 31-8 at 2–3.

Following this initial denial, Indiana Storage retained counsel and disputed the denial, asserting that Ohio Casualty received prompt notice of the loss and suffered no prejudice and that the damage occurred during the policy coverage period. Dkt. No. 22 at 83–86. Ohio Casualty then retained counsel and reopened the claim to investigate new facts asserted by Indiana Storage regarding the dates that the storage units were completed and whether the alleged loss occurred during the policy coverage period. *See id.* at 90–95 (emphasis omitted). However, Ohio Casualty reopened the claim "under a full reservation of rights" and maintained that Indiana Storage failed to give prompt notice of the loss and Ohio Casualty was prejudiced by this late notice. *Id.* at 90–91. As part of this investigation, an independent professional engineer inspected the property on October 5, 2021. *See id.* at 97. The engineer first noted that 8 hail events occurred at the Property between May 5, 2019 and May 24, 2020, of which the May 20, 2020, storm produced the largest hail. *Id.* at 109. The engineer also determined that "spatter marks"—which generally remain for "a year or two" after hail damage—"had faded by the time of the inspection." *Id.* at 109–10. Because the inspection occurred 1.5 years after the May 2020 storm and 2.5 years after the

May 2019 storm, and because the spatter marks had faded, "there was no way to determine which storm(s) caused the observed hail-caused dents." *Id.* at 109–10. Accordingly, Ohio Casualty again denied the claim, reasoning that Indiana Storage's failure to promptly report the damage allegedly caused by the May 2019 storm per the policy's notice provision prejudiced Ohio Casualty's ability to investigate and confirm any covered damages that occurred in May 2019 during the policy coverage period. *Id.* at 237. This subsequent denial resulted in the instant suit. *See generally* Dkt. No. 1-3.

### B.     Procedural History

Indiana storage filed its original petition in February 2024 in state court, asserting a breach of contract claim and extra-contractual claims for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing. *See id.*; *see also* Dkt. No. 11. Ohio Casualty promptly removed the case to this court based on diversity jurisdiction. *See* Dkt. No. 1.

Ohio Casualty moved for summary judgment on all claims. Dkt. No. 20. Ohio Casualty first asserts that it is entitled to summary judgment on Indiana Storage's breach of contract claim because Indiana Storage's failure to comply with the policy's notice provision prejudiced Ohio Casualty and, in any event, the plaintiff cannot meet its burden to segregate covered and non-covered damages. *See* Dkt. No. 21 at 13–22. Ohio Casualty next contends that, if the Court agrees that Ohio Casualty did not breach the contract by improperly denying the insurance claim, Indiana Storage's extra-contractual claims must also fail because they are all premised on Ohio Casualty's alleged improper denial of the claim. *Id.* at 22–25. This motion is fully briefed. *See* Dkt. Nos. 29; 34. The same day, Indiana Storage moved for summary judgment on Ohio Casualty's affirmative defenses. Dkt. No.

23. Ohio Casualty responded, Dkt. No. 26, and the time for Indiana Storage to reply has passed, Loc. Civ. R. 7.1(f). Both motions for summary judgment are ripe for review.

In addition, Judge Burch ordered the defendant, as the removing party, to file supplemental briefing and evidence to establish the parties' citizenship and ensure the Court has subject-matter jurisdiction. Dkt. No. 36. The defendant complied, Dkt. No. 37, and the plaintiff concurred with the defendant's allegations of diversity of citizenship and the amount in controversy, Dkt. No. 38.

Judge Burch issued an FCR on July 18, 2025. Dkt. No. 39. In the FCR, Judge Burch first determined that Ohio Casualty had not supplied sufficient evidence of diversity of citizenship to meet its burden at the summary-judgment stage. Dkt. No. 39 at 8–11. However, because Ohio Casualty has previously attempted to meet this burden in good faith, *see* Dkt. No. 37, Judge Burch permitted Ohio Casualty to file additional briefing and evidence to conclusively establish its citizenship and, consequently, diversity jurisdiction, within fourteen days of the FCR to prevent remand. Dkt. No. 39 at 12.

With respect to the merits of the defendant's motion for summary judgment, Judge Burch recommends that the Court: (1) grant summary judgment on the breach of contract claim because Indiana Storage failed to give prompt notice in accordance with the policy, and such failure prejudiced Ohio Casualty, *id.* at 12–26; and (2) grant summary judgment on the extra-contractual claims because such claims are premised on Indiana Storage's incorrect assertion that the policy covered the alleged losses, and Indiana Storage has not asserted an injury independent of these losses, *id.* at 26–32. Finally, because Judge Burch recommends granting Ohio Casualty's motion for summary judgment, she further

recommends the Court deny as moot Indiana Storage's partial motion for summary judgment. *Id.* at 32.

The plaintiff timely objected to the FCR on August 1. Dkt. No. 41. The defendant responded, Dkt. No. 42, and the plaintiff replied, Dkt. No. 43. Additionally, the defendant filed a supplemental brief and additional evidence regarding the parties' citizenship. Dkt. Nos. 40; 40-1 to 40-3.

2. **Legal Standards**

   A. **Review of the Magistrate Judge's Recommendations**

   When a party files objections to a Magistrate Judge's recommendations, the Court must review those objected-to portions de novo. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1). As for portions where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

   B. **Summary Judgment**

   Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020). The moving party "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact," *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), and

"identifying those portions of [the record] which it believes demonstrate [that] absence." *Celotex Corp.*, 477 U.S. at 323.

In evaluating a summary-judgment motion, the Court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). "A fact 'is material if its resolution could affect the outcome of the action.'" *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs.*, 627 F.3d 134, 134 (5th Cir. 2010)). The Court must consider materials cited by the parties, but it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

"Where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301–02 (5th Cir. 2020) (quoting *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017)). The movant, however, does not need to "*negate* the elements of the nonmovant's case." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (emphasis in original) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

When the moving party has met its burden, "the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmovant must identify specific evidence in the record and articulate how the evidence supports its claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014); *see also* Fed. R. Civ. P. 56(c)(1)(A). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075). Additionally, Rule 56 does not impose a duty on the Court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)).

"A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted. *Celotex*, 477 U.S. at 322–23. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

3. **Analysis**

First, the Court finds that it has subject-matter jurisdiction over the suit. Next, the Court overrules the plaintiff's objections and adopts the FCR in full. Therefore, the Court grants the defendant's motion for summary judgment and dismisses the action with prejudice. Because the Court grants the defendant's motion for summary judgment in full, it denies as moot the plaintiff's partial motion for summary judgment on the defendant's affirmative defenses.

A. **The Court concludes that the defendant has provided sufficient evidence of diversity of citizenship and, thus, the Court has subject-matter jurisdiction.**

The Fifth Circuit recently clarified the requirements a party invoking a federal court's jurisdiction must satisfy at each stage of litigation to establish parties' citizenship for purposes of diversity jurisdiction. *See Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024). "Citizenship issues, like every 'factual issue necessary to support subject matter jurisdiction, must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.* (5th Cir. 2019) (cleaned up) (quoting *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008)). "At the summary judgment stage, that party must provide evidence sufficient to support a jury finding of the citizenship" of each party. *Megalomedia*, 115 F.4th at 659. And corporations such as the parties here, "must set out the principal place of business of the corporation as well as the state of its incorporation." *MidCap Media Fin.*, 929 F.3d at 314 (quoting *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985)); *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State

and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

In light of this authority, Judge Burch ordered the parties to file supplemental briefing and evidence to "support a jury finding of the citizenship of each party or, at a minimum, evidence that is sufficient for the Court to evaluate and determine on its own the citizenship of each party." Dkt. No. 36 at 3. The parties complied, Dkt. Nos. 37; 38, and Judge Burch found that the evidence submitted conclusively established that Indiana Storage is a citizen of the State of Texas, but did not conclusively establish Ohio Casualty's principal place of business and, thus, failed to conclusively establish Ohio Casualty's citizenship. *See* Dkt. No. 39 at 9–11. The Court agrees. In short, although Ohio Casualty, in good faith, implied that its principal place of business is in Massachusetts, the evidence provided prior to Judge Burch's recommendation in the FRC falls just short of allowing the Court to find that Massachusetts is the home of "Ohio Casualty's 'nerve center' or headquarters—'the place where [its] . . . officers direct, control, and coordinate [Ohio Casualty's] activities.'" *Id.* at 10 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).

However, Ohio Casualty has now provided additional evidence that allows the Court to conclusively determine that Ohio Casualty's principal place of business is located in Massachusetts and, consequently, that the parties are completely diverse and the Court has subject-matter jurisdiction over the suit. In response to the FCR, Ohio Casualty provided the following additional evidence about the parties' citizenship:

1. Indiana Storage's Certificate of Incorporation, which states that Indiana Storage is a corporation formed in the State of Texas, Dkt. No. 40-1 at 2;

2. the deposition testimony of Indiana Storage's owner and corporate representative, in which he testifies that he resides in and runs Indiana Storage's business activities in Lubbock, Texas, Dkt. No. 40-2 at 10–11, 12–13, 15, 16–17;

3. the declaration of Ohio Casualty's corporate representative, in which he states that: (1) Ohio Casualty was incorporated in New Hampshire, Dkt. No. 40-3 ¶ 3; (2) Ohio Casualty has its corporate headquarters and principal place of business in Massachusetts, id. ¶ 4; (3) "Ohio Casualty's senior management directs, controls, and coordinates Ohio Casualty's activities" in Boston, Massachusetts, id. ¶ 5; and (4) Ohio Casualty maintains its "main administrative office, its statutory home office, and [most] of its books and records" in Boston, Massachusetts, id. ¶ 6;

4. Ohio Casualty's Restated Articles of Incorporation, which state that Ohio Casualty is incorporated in New Hampshire, id. at 4, 6; and

5. Ohio Casualty's Assistant Secretary's Certificate that certifies that Boston, Massachusetts is the main administrative office and primary location of Ohio Casualty's books and records, id. at 7.

Neither party disputes that Ohio Casualty's nerve center is in Massachusetts or presents controverting evidence that it is in any state other than Massachusetts. *Cf. Guitar Holding Co. v. El Paso Nat. Gas Co.*, No. EP-10-CV-214, 2010 WL 3338550, at *6 (W.D. Tex. Aug. 18, 2010) ("Given the large number of indicia of a Colorado 'nerve center' shown by [the defendant-corporation], relative to the small number of countervailing factors shown by [the plaintiff], the Court concludes that [the defendant] has carried its burden of demonstrating

diversity of citizenship."). Based on this undisputed evidence, the Court finds that Indiana Storage is a citizen of Texas and Ohio Casualty is a citizen of New Hampshire, where it is incorporated, and Massachusetts, where its principal place of business is located. *See Citizens Concerned About Wolf Hollow v. Marathon Digit. Holdings, Inc.*, 4:24-cv-983, 2025 WL 1071689, at *2 (N.D. Tex. Feb. 7, 2025) (finding that a corporation had proved its principal place of business through the declaration of its Chief Operations Officer that the "[c]orporate level decision makers who direct, control, and coordinate [the corporation's] activities are not located in Texas" and a supporting application to register as a foreign corporation with Texas' Secretary of State) (alteration in original).

Accordingly, Ohio Casualty has met its burden at the summary-judgment stage of providing evidence that would allow a jury finding of complete diversity of citizenship, and the Court finds that it has subject-matter jurisdiction over the suit. With the jurisdictional issue resolved, the Court now turns to the merits of the plaintiff's objections.

**B.    The Court has found no plain error in the unobjected-to portions of the FCR and thus adopts those portions of the FCR.**

As to the plaintiff's breach of contract claim, Judge Burch first recommends that the Court find as a matter of law that Indiana Storage failed to promptly notify Ohio Casualty of its loss. Dkt. No. 39 at 14–21. The plaintiff does not object to this recommendation but, rather, focuses its objection on whether Ohio Casualty was prejudiced by Indiana Storage's failure to give prompt notice. *See* Dkt. No. 41 at 2–4. The Court has reviewed this unobjected-to portion of the FCR for plain error. Finding none, the Court accepts and adopts this portion of the FCR and finds that Indiana Storage failed to give prompt notice of loss under the policy as a matter of law.

C.     **The Court overrules the plaintiff's objections and adopts the FCR in full.**

The plaintiff offers two objections to the FCR. The plaintiff first objects to the conclusion that Ohio Casualty suffered prejudice from the late notice and, in any event, argues that any prejudice has been cured. Dkt. No. 41 at 2–4. Next, the plaintiff contends that, if there are material fact issues that prevent summary judgment on the breach of contract claim, its extra-contractual claims must survive. *Id.* at 4–6. The Court concludes that, by failing to raise its offer-to-cure argument before the magistrate judge, it has waived any such objection based on the same, and Ohio Casualty is entitled to summary judgment on the plaintiff's breach of contract claim. Thus, the Court overrules the plaintiff's first objection. Because the breach of contract claim does not survive, the Court likewise overrules the plaintiff's second objection.

As part of its first objection, Indiana Storage reurrges its argument that Ohio Casualty's ability to investigate could not have been prejudiced by Indiana Storage's delay in giving notice because Ohio Casualty initially denied the claim five days after it was filed without any investigation of the Property. *See id.* at 3. The plaintiff argues that, because Ohio Casualty did not investigate any damage to the Property prior to denying the claim, it cannot now state Indiana Storage's failure to provide prompt notice impaired Ohio Casualty's ability to evaluate whether any damage was covered. *See id.* Judge Burch agreed that there was a fact issue as to whether Ohio Casualty's ability to adequately investigate the Property was prejudiced by Indiana Storage's delay in reporting the damage. *See* Dkt. No. 39 at 22-23, 25. But this conclusion alone is insufficient to defeat summary judgment because Judge Burch also concluded that there was undisputed evidence of *financial* prejudice that entitled Ohio Casualty to summary judgment as a matter of law. *Id.* at 23–

24. Thus, the plaintiff's arguments as to whether Ohio Casualty's ability to investigate was prejudiced by the late notice are inconsequential to Judge Burch's recommendation that the Court grant summary judgment based on the uncontroverted evidence of financial prejudice. Accordingly, this portion of the plaintiff's objection is overruled.

The Court does not reach merits of the plaintiff's objection regarding the financial prejudice to Ohio Casualty because the plaintiff presents new arguments that were not before the magistrate judge. The defendant argued in its motion for summary judgment that it was prejudiced by Indiana Storage's delay because both the cost and scope of potential damages increased between the date of damage and both the date of reporting and the date of the price list used by the plaintiff's expert to calculate damages. *See* Dkt. No. 21 at 16–17. Judge Burch found that the plaintiff wholly failed to respond to this argument or provide any evidence that Ohio Casualty did not suffer such financial prejudice due to delay, and the Court agrees. *See* Dkt. No. 30 at 14–16. Thus, Judge Burch correctly concluded that Ohio Casualty's uncontroverted evidence of increases in the cost of repair from 2019 (the year the damage occurred) to either 2021 (the year Indiana Storage reported the damage) or 2024 (the year of the price list used by Indiana Storage's expert to estimate the cost of repairs) show that Ohio Casualty was prejudiced as a matter of law. *See* Dkt. No. 39 at 22-23, 25.

The plaintiff now, for the first time, seeks to "cure any potential prejudice" by "stipulat[ing] and judicially admit[ting] that it will limit its damages to pricing as of the date of loss" and "agree not to seek content manipulation damages." Dkt. No. 41 at 3. But the option to stipulate to the 2019 price list to cure any prejudice was available to the plaintiff when the summary-judgment motion was before Judge Burch. And the Court has made

clear that "[a]rguments that could have been raised before the magistrate judge, but are raised for the first time in an objection, are waived." *Donald W. v. O'Malley*, No. 5:23-CV-043-H-BQ, 2024 WL 1008533, at *1 (N.D. Tex. Mar. 8, 2024) (Hendrix, J.) (first citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); and then *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 539 (5th Cir. 2018)). The plaintiff attempts to characterize this offer-to-cure argument as a "supplemental estimate [that] clarifies the issues for trial" and argues that it is properly before the Court based on the Court's prior opinion in *Snyder Senior Citizens Inc. v. Third Coast Insurance Co.*, No. 5:23-CV-276, 2025 WL 1782575 (N.D. Tex. June 12, 2025). *See* Dkt. No. 43 at 3–4. But in *Snyder Senior Citizens*, the Court evaluated a motion to strike a supplemental expert report that, among other things, corrected the date of the price list used to determine damages in accordance with the insurance policy's terms. *Snyder Senior Citizens*, 2025 WL 1782575, at *3–4. The pertinent issue presented here—whether the plaintiff has raised new issues or arguments that were not before the Magistrate Judge—was not before the Court in *Snyder Senior Citizens* and, thus, *Snyder Senior Citizens* is inapposite to the Court's basis for overruling the plaintiff's objection. *See id.*

In sum, because a "party's entitlement to de novo review before the [d]istrict [c]ourt upon filing objections to an FCR does not entitle h[im] to raise issues which were not adequately presented to the [M]agistrate [J]udge," the Court overrules the plaintiff's objection based on the new argument that it will stipulate to a reduction in damages to cure any prejudice caused by its failure to give prompt notice. *O'Malley*, 2024 WL 1008533, at *2

(alteration in original) (quoting *Linda Michelle M. v. Saul*, No. 3:19-CV-328, 2020 WL 470279, at *1 (N.D. Tex. Jan. 28, 2020)).[1]

The plaintiff's second objection states that "[b]ecause the breach of contract claim must survive, the extra-contractual claims survive." Dkt. No. 41 at 4. Because the plaintiff's second objection is contingent on the Court sustaining its first objection, the Court likewise overrules the plaintiff's second objection. Accordingly, the Court adopts the FCR in full.

4.  **Conclusion**

In sum, the Court overrules the plaintiff's objections (Dkt. No. 41) and adopts the FCR (Dkt. No. 39) as the findings of this Court. Accordingly, the Court grants Ohio Casualty's motion for summary judgment (Dkt. No. 20) and dismisses the action with prejudice. Because the Court grants Ohio Casualty's motion for summary judgment on all of Indiana Storage's claims, it denies Indiana Storage's motion for partial summary judgment (Dkt. No. 23) as moot.

So ordered on August 29, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[1] Even if the Court considered this argument, Indiana Storage has not cited any authority to support its argument that it can cure any actual prejudice after-the-fact.